IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PRINCESS J. ANDERSON, ) | |
| GLEN ANDERSON, ) | |
|     Plaintiffs, ) | |
| vs. ) | No. 3:21-CV-2505-K-BH |
| ) | |
| ALBERTON MARTINEZ GONZALE, et. al,) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on October 13, 2021 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

On October 13, 2021, the plaintiff filed this action against the defendants on behalf of herself and another individual, and sought to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.)  By *Notice[s] of Deficiency and Order[s]* dated October 14, 2021, she was notified that her IFP application did not provide enough information because it was not fully completed, and that she could not bring this pro se case on behalf of another individual. (*See* docs. 6, 7.) One order specifically advised the plaintiff that she must filed a completed IFP application within fourteen days, and that a failure to do so could result in the dismissal of her case. (*See* doc. 6.)  The other order specifically advised her that if she wished to pursue any claims on her own behalf, she must file a complaint setting forth her own personal claims within fourteen days, and that a failure to do so could also result in the dismissal of her case. (*See* doc. 7.)  If the other individual wished to

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

pursue any claims on his own behalf, he was also required to file a completed and signed complaint under his own signature, as well as an IFP motion, within fourteen days. (*Id.*) In the alternative, he and the plaintiff could jointly file an amended completed complaint signed by both that set out both their claims. (*Id.*) Attached to the order were copies of the plaintiff's initial complaint and a blank complaint form. (*See id.*) Also on October 14, 2021, the court sent the plaintiff a magistrate judge's questionnaire to obtain more information about her claims. (*See* doc. 5.) The questionnaire specifically advised her that her answers were due within fourteen days, and that a failure to file her answers could result in the dismissal of her case. *Id.* Well more than fourteen days from the date of the orders and questionnaire have passed, but the plaintiff has not filed a completed IFP application, a complaint setting forth her own personal claims, or her answers the questionnaire. Nothing else has been filed in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not filed a completed IFP application. She has therefore not shown that she has any demands on her financial resources or that she will suffer undue financial hardship after

payment of the required filing fee.[2] Her IFP application should be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the orders that she file a completed IFP application, a complaint setting for forth her own personal claims, and her answers to the questionnaire within fourteen days, despite warnings that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

## IV. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff either pays the filing fee or files a completed IFP application, and files a complaint setting forth her own personal claims, and her answers to the questionnaire, within the time for objecting to this recommendation, or by some other deadline set by the Court.

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**SO RECOMMENDED on this 23rd day of November, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE